**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DADE DIVISION**

In re:                                                                Case No. 17-23573-LMI

SIXTY ONE SIXTY, LLC,                                Chapter 11

Debtor and Debtor-in-Possession.
_____/

SIXTY ONE SIXTY, LLC                                  Adversary Pro. No. 17-01438-LMI

    Plaintiff,

    v.

SCHECHER GROUP, INC., a Florida
corporation

    Defendant.
_____/

**EMERGENCY MOTION FOR INJUNCTIVE RELIEF, INCLUDING**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
**AGAINST SCHECHER GROUP, INC.**

**(EMERGENCY HEARING REQUESTED)**

**Basis for Emergency**

The members of Debtor and Defendant are engaged in various foreclosure proceedings arising from Defendant's claim that the Debtor and members have certain obligations directly or indirectly related to the ownership of Debtor's assets. Debtor's ability to provide full attention to a successful reorganization is jeopardized by its members' need to simultaneously defend these numerous Actions (as defined below). The Debtor, and its members, have agreed to sell the assets to a buyer upon terms that contemplate determining and satisfying all valid creditor claims. In order to be able to focus exclusively on the management of Debtor's assets and the successful sale of these assets through the instant proceeding, and therefore successfully reorganize Debtor, it seeks to have the Actions stayed during the pendency of this Chapter 11 case and its members relieved of the obligation to defend the Actions during the pendency of this Chapter 11 case. For these reasons, and as more fully set for the herein, it is critical that the pending Actions are immediately suspended and Debtor and its members can provide their exclusive focus to successfully reorganizing Debtor consistent with the provisions of Title 11 of the United States Bankruptcy Code and to avoid limiting the negative effect that such litigation will have on Debtor's reorganization efforts. Further, the Actions are scheduled for trial on November 14, 2017 and November 15, 2017 and therefore Debtor believes that this Motion must be heard on November 13, 2017.

Sixty One Sixty, LLC (the "Debtor" or "Plaintiff") files this motion pursuant to, *inter alia*, 11 U.S.C. §105(a) and Fed. R. Bankr. P. 7001(7) seeking injunctive relief enjoining prosecution of the following lawsuits or threatened lawsuit during the pendency of this Chapter 11 case:

1) Schecher Group, Inc. v. Importadora Interwheels SA, Case No. 2014-013771 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

2) Schecher Group, Inc. v. Ruben Lamothe, et al., Case No. 2016-026445 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

3) Schecher Group, Inc. v. Jorge Correa, et al., Case No. 2016-026446 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

4) Schecher Group, Inc. v. Waterstone Investments, LLC, Case No. 2016-026447 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

5) Schecher Group, Inc. v. Jean Francois Filion, et al., Case No. 2016-026450 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

6) Schecher Group, Inc. v. David Georg et al., Case No. 2016-026455 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

7) Schecher Group, Inc. v. Lormar Corp., Case No. 2016-026470 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

8) Schecher Group, Inc. v. Florida Building & Supply, Inc., et al., Case No. 2016-026555 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

9) Schecher Group, Inc. v. Ralf Bauchrowitz, et al., Case No. 2016-026742 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

10) Schecher Group, Inc. v. Frank Jordan, Case No. 2016-026743 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

11) Schecher Group, Inc. v. Lydia Apodaca, et al., Case No. 2016-026745 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

12) Schecher Group, Inc. v. Mialo, LLC, Case No. 2016-026746 CA 01 pending in

the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

13) Schecher Group, Inc. v. Maria N. Schoentag, et al., Case No. 2016-026746 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

14) Schecher Group, Inc. v. Frank Jordan, Case No. 2016-026747 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

15) Schecher Group, Inc. v. BambaMaimi, Inc., Case No. 2016-026749 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

16) Schecher Group, Inc. v. Jose Luis Varela, et al., Case No. 2016-026750 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

17) Schecher Group, Inc. v. Pariano, LLC, Case No. 2016-026751 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

18) Schecher Group, Inc. v. Valentin Investments, LLC, Case No. 2016-026752 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

19) Schecher Group, Inc. v. Ralf Bauchrowitz, et al., Case No. 2016-026755 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

20) Schecher Group, Inc. v. Alfer Investments Corp., Case No. 2016-026757 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

21) Schecher Group, Inc. v. Maria T. Valez, et al., Case No. 2017-001375 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

22) Schecher Group, Inc. v. LC Geraci, LLC, Case No. 2017-001688 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

23) Schecher Group, Inc. v. Penthouse 68, LLC, Case No. 2017-001703 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

24) Schecher Group, Inc. v. Bank of New York Mellon, Case No. 2017-004022 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

25) Schecher Group, Inc. v. Maria R. Girardo de Velez, et al., Case No. 2017-004086 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

26) Schecher Group, Inc. v. Villita, LLC, Case No. 2017-004120 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

27) Schecher Group, Inc. v. Aspire Higher, LLC, Case No. 2017-004122 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

28) Schecher Group, Inc. v. Cecilia N. Zsilavi, et al., Case No. 2017-004123 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

29) Schecher Group, Inc. v. Dagraju, LLC, Case No. 2017-004128 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

30) Schecher Group, Inc. v. Miguel Fava, et al., Case No. 2017-004132 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

31) Schecher Group, Inc. v. Elsitta, LLC, Case No. 2017-004138 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

32) Schecher Group, Inc. v. Numero 991, LLC, Case No. 2017-004206 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

33) Schecher Group, Inc. v. International Consulting Corp., Case No. 2017-004211 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

34) Schecher Group, Inc. v. Elsa J. De Pablos Bermudez, et al., Case No. 2017-005290 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

35) Schecher Group, Inc. v. Henryk Kwiatkowski, et al., Case No. 2017-005298 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

36) Schecher Group, Inc. v. Boston Rv Corporation, Case No. 2017-005298 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida;

37) Schecher Group, Inc. v. Ivan Mahana, et al., Case No. 2017-005300 CA 01 pending in the Eleventh Judicial Circuit in and for Miami Dade County, Florida (collectively the "Actions").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334, in that it arises in and relates to Debtor's chapter 11 case pending before this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

4. The statutory predicates for the relief sought are 11 U.S.C. §105(a) and 28 U.S.C. § 1334 and Fed. R. Bankr.P. 7001(7).

## THE PARTIES

1. Debtor, is a Delaware Limited Liability Company, duly organized and existing with a place of business in Miami-Dade County, Florida and is also Debtor and debtor-in-possession in the above captioned bankruptcy case pursuant to 11 U.S.C.§§ 1107(a) and 1108.

2. Defendant is a Florida Corporation with its principal place of business located at 120 Piper Boulevard, Port Orange, FL 32128.

## BACKGROUND

3. On November 9, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. Debtor is an owner of certain condominium units ("Unit" or "Units") located at 6060 Indian Creek, Miami Beach, Florida 33140 (the "Property"). The Property consists of 82 condominium units, 4 commercial units, and one hotel unit. The condominium and commercial unit owners, including Debtor, shall be referred herein collectively as "Owners."

5. Debtor's members were each prior owners of a Unit. Pursuant to their rights under the documents governing the Property, each member contributed their Unit to the Debtor and each member currently owns interests in the Debtor related to that contributed Unit. The rights and obligations of Debtor's members remain unchanged as a result of their Unit contribution to the Debtor—each member is still responsible for management and operation of their contributed Unit.

6. Defendant is the owner of the hotel unit. Owners have the option, but not the obligation, to enter into an agreement with Defendant to allow Defendant to utilize their units. Defendant claims that the Owners owe it certain special assessments, improvements, loans, fees, interest, and other undisclosed costs ("Defendant's Claim"); however, the Debtor or its members have not received a full accounting of Defendant's Claim, and to the extent that Defendant claims to have provided a full accounting, Defendant's Claim is, at least in part, not valid.

7. Sixty Sixty Condominium Association, Inc. (the "HOA Debtor") owns the 4 commercial units and 1 condominium unit at the Property. On December 5, 2016, the HOA Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, Case Number 17-01171-RAM-BKC (the "Related Proceeding"). In the time since, the HOA Debtor has operated as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

8. On April 27, 2017, in the Related Proceeding, the HOA Debtor commenced an adversary proceeding against the Defendant to determine the validity of Defendants' claims (the "HOA Debtor Adversary Proceeding").

9. Defendant initiated foreclosure proceedings against members of the Debtor, related individuals, and other Owners. The Actions, referenced above, are those foreclosure proceedings initiated by Defendant currently scheduled for trial on November 14, 2017 and November 15, 2017. Certain assets of Debtor are the subject of the Actions.

10. The parties have been mired in litigation related to Defendant's Claim; however, Debtor, HOA Debtor, and other Owners that have submitted to the jurisdiction of the Court in the Related Proceeding, have attempted to proceed in the satisfaction of the creditors' valid claims, and the reorganization of the debtors' assets, in an orderly fashion through these related insolvency proceedings.

11. Debtor has agreed to sell its Units to a buyer, Kingfisher Island, Inc. ("KFI"), upon certain terms that contemplate the determination and satisfaction of valid creditor claims. These are the same terms that the HOA Debtor has accepted as the highest and best offer for its assets in the Related Proceeding (the "Sale"). A hearing on whether the Sale is approved by the

Court in the Related Proceeding is scheduled to occur on November 28, 2017. The Sale contemplates determining and satisfying all claims against the assets of the Debtor, the HOA Debtor, and any Owners that wish to sell to KFI at the offered terms in a bulk sale.

12. The instant Complaint seeks temporary and preliminary relief through entry of a temporary restraining order and a preliminary injunction enjoining the further prosecution of the Actions pending confirmation of the Chapter 11 Plan of Debtor.

**ARGUMENT**

13. Section 105(a) of the Bankruptcy Code provides the Court with broad authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. §105(a). Section 105(a) essentially codifies the Bankruptcy Code's inherent equitable powers. *See Management Technology Corp., v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (court's equitable power derived from Section 105). This broad authority includes, but is not limited to, the authority to enjoin actions against third party non-debtors in a case like the one before the Court where the failure to do so would negatively affect the estate and limit and possibly preclude the ability of the Debtor to successfully reorganize. The most widely-cited case authorizing entry of injunctions to protect third party non-debtors is *Otero Mills, Inc. v. Security Bank & Trust (In re Otero Mills, Inc.)* 25 B.R. 1018 (D.N.M. 1982) (district court affirmed bankruptcy court's order that permanently enjoined a bank from executing or otherwise collecting on state court judgment against president of corporate debtor which was guarantor of debtor's promissory notes).

14. Numerous courts within the Eleventh Circuit have followed the instructive analysis of *Otero Mills*, and based on appropriate facts, issued injunctions or extensions of the automatic stay in favor of third party non-debtors. *See e.g., The St. Petersburg Hilton v. First Union Nat'l Bank (In re St. Petersburg Harborview Hotel Corp.)* 168 B.R. 770 (Bankr. M.D. Fla. 1994) *Steven P. Nelson, D.C. P.A. v. General Electric Capital Corp. (In re Seven P. Nelson, D.C., P.A.)*, 140 B.R. 814 (Bankr. M.D. Fla. 1992); *Hillsborough Holdings Corp. v. The Celotex Corp. (In re Hillsborough Holdings Corp.)* 123 B.R. 1004 (Bankr. M.D. Fla. 1990):

*Isackson v. Heller Financial, Inc. (In re Kasual Kreation, Inc.),* 54 B.R. 915, 916 (Bankr. S.D. Fla. 1985) ("case law is <u>replete</u> with instances where 11 U.S.C. § 105(a) has been utilized to enjoin court proceedings against non-debtor parties that would have an impact on Debtor's bankruptcy case.") (citing numerous authorities, including *Otero Mills*, *supra*) (emphasis added); *accord, In re Transit Group, Inc.* 2002 Bankr. LEXIS 1390 (Bankr. M.D. Fla. Dec. 6, 2002) (adopting Circuit Court case law to effect that bankruptcy courts have authority under Section 105(a) to approve releases in Chapter 11 plans in favor of third party non-debtors under appropriate facts in context of reorganizations).

15. The Debtor members do not seek permanent relief from the Actions, simply relief from the Action during the pendency of the instant Chapter 11 case.

16. Debtor respectfully directs the Court's attention to *Steven P. Nelson, D.C. P.A. v. General Electric Capital Corp. (In re Seven P. Nelson, D.C., P.A.)*, 140 B.R. 814 (Bankr. M.D. Fla. 1992) which is particularly instructive. In *Nelson*, the debtor sought entry of a preliminary injunction temporarily staying prosecution of state court actions against the debtor's principal based on guarantees executed by the principal. *Nelson*, 140 B.R. at 816. The Court determined that without such relief, the principal would not be able to devote sufficient time to facilitate a successful reorganization. *Id*. The *Nelson Court* explained that "there is considerable case authority supporting the use of §105(a) as a means of providing [the] protection [of injunctive relief ] to non-debtors such as individual guarantors." *Id*. Here, the Debtor's members are solely responsible for managing the units at the Property. Any claims Defendant has against the members of Debtor grow solely out of the ownership of the Debtor's assets. The members of the Debtor's have successfully negotiated a sale of the assets that contemplate determining and satisfying all valid creditor claims in coordination with the Related Proceeding. The pendency of the Actions and the impact that such actions have requires temporary relief from having to defend the Actions to focus their full energies and attentions on effectuating a successful reorganization.

17. The factors Courts apply in determining whether to grant injunctive relief are as

8

follows (i) substantial likelihood of success on the merits; (ii) a substantial threat that the movant will suffer irreparable harm if the injunction does not issue: (iii) the potential injury the movant may suffer if an injunction does not issue is greater than the potential injury the opposing party might suffer if the injunction was granted; and (iv) whether the injunction will be adversely affect the public interest. *Hillsborough Holdings,* 123 B.R. at 1015 (citations omitted). "In the context of a chapter 11 case, the likelihood of success on the merits means the probability of a successful plan of reorganization." *Id.* (citing cases, including *Kasual Kreations*, 54 B.R. at 916 ("Success on the merits has been defined as the probability of a successful plan of reorganization.")). As set forth below, all of the above-identified factors are met in this case and therefore, the injunctive relief requested herein should be granted.

18. First, the members of the Debtor have each agreed to sell the Debtor's assets to a buyer, the same buyer that the HOA Debtor has agreed to sell its assets to in the Related Proceeding, upon terms that contemplate determining and satisfying all valid creditor claims. Therefore, upon granting the relief requested herein, there is substantial likelihood that the Debtor will successfully reorganize consistent with the Bankruptcy Code. Currently, Debtor's members are solely responsible for managing Debtor's assets and, at present, the pending Actions act as a substantial distraction to Debtor's members and the temporary cessation of that distraction is critical to a successful reorganization. Debtor is actively working with a buyer to sell its assets and determine all valid creditor claims and satisfy those claims. This sale process is in coordination with the HOA Debtor in the Related Proceeding.

19. Second, if the persons named as defendants in the Actions are not relieved of the obligation to defend the Actions during the pendency of this Chapter 11 case, there is a substantial likelihood that in the absence of the relief sought herein, Debtor's Chapter 11 case will be severely prejudiced and its reorganization may not succeed. The Debtor's members' unimpeded attention to the operation and management of the Debtor's assets and to this proceeding are absolutely required to facilitate a successful reorganization. Through its members, Debtor must be free to focus on the management of the Debtor's assets and their

organized sale in coordination with the HOA Debtor. Defending multiple actions—actions that attempt to foreclose on assets of Debtor—impedes the necessary focus of the Debtor's members and severely jeopardizes the opportunity for a successful Chapter 11 reorganization. Moreover, a determination of Defendant's claim outside of this proceeding or the Related Proceeding necessarily prejudices the Debtor. Defendant claims that Debtor owes a certain percentage of Defendant's claim; and therefore, Debtor must have an opportunity to validate Defendant's claim in this Chapter 11 proceeding through the Court-approved sale process.

20. Third, the potential injury Debtor may suffer if an injunction does not issue—the inability to fairly determine Defendant's claim, a failed reorganization, and conversion to Chapter 7– is exponentially greater injury to Debtor and its members than the potential injury the Defendants might suffer— delay in prosecution of the Actions— if the injunctive relief sough herein is granted. Therefore, Debtor submits that it has met the third factor.

21. The final factor requires a showing that the issuance of the injunction is not contrary to the public interest. Granting the injunctive relief requested herein will be squarely in the public interest in fostering and effectuating the provisions of Chapter 11 of the Bankruptcy Code, in facilitating a successful reorganization, in the full satisfaction of valid, determined creditor claims, and in the corresponding ability of Debtor's members to provide their undivided attention to the operation and management of the Debtor's assets during the Chapter 11 process. Therefore, Debtor submits that it has met the fourth and final factor.

WHEREFORE, Debtor respectfully requests that the Court enter an Order (a) enjoining the continued prosecution of the Actions or the commencement of any further actions by the Defendants; (b) directing the Defendants to immediately cease prosecuting the Actions during the pendency of this Chapter 11 case; (c) extending the automatics stay; and (d) seeks such other and further relief as may be just and proper.

**Attorney's Local Rule 2090-1(A) Certification**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                                HOFFMAN, LARIN & AGNETTI., P.A.
                                                Proposed Counsel for the Debtor
                                                909 North Miami Beach Blvd., Suite 201
                                                North Miami Beach, FL 33162
                                                Tel: (305) 653-5555
                                                Fax: (305) 940-0090
                                                Email: mshoffman@hlalaw.com

                                                /s/ Michael S. Hoffman
                                                Michael S. Hoffman
                                                Florida Bar No.:  41164